United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON E. COBB,

    Plaintiff,

    v.

CHRISTINA CONSUNJI, et al.,

    Defendants.
_____/

No. C-11-02496 DMR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND**

    Defendants Christina Consunji, Chris Glasser, Terry Johnson, Cass Kalinski, Jeff Monk, and Vanita Nemali move the court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss *pro se* Plaintiff Jason E. Cobb's complaint for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. Plaintiff moves the court pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend his complaint. For the reasons below, Defendants' motion is GRANTED WITH PREJUDICE as to the first and second claims, GRANTED WITHOUT PREJUDICE as to the third and fourth claims, and GRANTED WITH LEAVE TO AMEND as to the fifth, sixth, and seventh claims. Plaintiff's motion is DENIED as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff Cobb brought suit against Defendants Christina Consunji, Chris Glasser, Terry Johnson, Cass Kalinski, Jeff Monk, Vanita Nemali, and Does 1-3, all of whom are, or were, his

coworkers at Cisco Systems, Inc. ("Cisco"), alleging that some of the individual defendants participated in schemes to listen to and record his telephone conversations, facilitate a transfer of Plaintiff within the company by fraudulent means, and launch cyber-attacks against him. Plaintiff also alleges that all defendants participated in a conspiracy to harass and retaliate against him.

Specifically, Plaintiff alleges that in May 2010, he began reporting to Defendant Chris Glasser. (Compl. ¶¶ 2, 3.) Plaintiff alleges that "at some point," Defendant Glasser had begun monitoring personal calls made on Plaintiff's company phone, and disclosing the contents thereof to other Cisco employees. (Compl. ¶¶ 5, 7.) During one phone call with a personal friend in August 2010, Plaintiff criticized Defendant Glasser's management style as well as the communication and mentoring style of Shenita McKinney, one of Plaintiff's coworkers (who is not named as a defendant), and made some comments that he "never would [have] in mixed company, politically incorrect comments that could damage his reputation and standing" at Cisco if they became known. (Compl. ¶ 6.) As a result of the unlawful monitoring, recording, and disclosure of this and other phone calls, Plaintiff alleges that Ms. McKinney became "openly hostile and verbally abusive" toward Plaintiff, and other coworkers withdrew and "became lukewarm" towards Plaintiff. (Compl. ¶ 7.)

Thereafter, Plaintiff alleges that he advised Defendant Glasser that he was considering a move to another group within the company. (Compl. ¶ 8.) Defendant Glasser agreed to support Plaintiff's efforts, and suggested Plaintiff pursue a position within a group managed by Defendant Jeff Monk. Plaintiff "listened" to Mr. Glasser, but "remained focused on interviewing for other opportunities" elsewhere in the company. (Compl. ¶¶ 8, 9.) Plaintiff subsequently located a desirable position that was available on another team, but alleges that his efforts to transfer to any organization other than that managed by Defendant Monk were "sabotaged" by Defendant Glasser, and that Mr. Glasser conspired with Defendants Cass Kalinski, Monk, and Vanita Nemali to effect Plaintiff's transition to Defendant Monk's team. (Compl. ¶¶ 9, 11.) During this process, Plaintiff sought assistance from Defendant Terry Johnson, an Employee Relations representative, regarding his hopes to ensure "fair play" in the transfer process, but Plaintiff alleges that Defendant Johnson was "complicit in the fraudulent effort to effect Plaintiff's transition" to Defendant Monk's team.

(Compl. ¶¶ 10, 15.) Ultimately, Plaintiff did not receive an offer from his preferred team, but received an offer from Defendant Monk for a position on his team. (Compl. ¶¶ 14, 16.)

Plaintiff accepted the position with Defendant Monk's team, and moved to the new position in November 2010. (Compl. ¶¶ 18, 19.) Early in his transition, Plaintiff alleges that efforts were made by "various individual contributors" to redirect his efforts to develop processes for a different set of tools than those he had thought he would be working with. (Compl. ¶ 22.) According to Plaintiff, this was a departure from the stated purpose of his transition to the group, and evidence that the reasons for his transfer to the team had been "manufactured." (Compl. ¶ 22.) Thereafter, Plaintiff alleges that "varied actions" on the part of many of his coworkers were part of "an effort to execute a long con," the purpose of which was to "retroactively legitimize Plaintiff's" move to the new team. (Compl. ¶ 23.)

Plaintiff also alleges that in November 2010, he began to experience "cyber-attacks" on his Cisco computer. (Compl. ¶ 24.) Plaintiff attributes such attacks to Defendant Glasser, due to Mr. Glasser's having said to Plaintiff during their last meeting, "I look forward to continuing our relationship." (Compl. ¶ 24.) Plaintiff's personal email accounts were hacked, and emails specific to the harassment Plaintiff had been experiencing at Cisco were deleted. (Compl. ¶ 25.) Further, Plaintiff alleges that he noticed other efforts to "suppress, destroy and/or alter evidence" of these problems. (Compl. ¶ 26.) Plaintiff sent a formal complaint about the hacking and cyber-attacks to "COBC@cisco.com" and "ethics@cisco.com," but has yet to receive a meaningful response. (Compl. ¶ 30.)

On May 23, 2011, Plaintiff filed his Complaint, alleging the following claims: 1) mail fraud under 18 U.S.C. § 1341 against all six defendants; 2) wire fraud under 18 U.S.C. § 1343 against Defendants Consunji and Glasser; 3) retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") against all defendants; 4) harassment based on religion under Title VII against Defendant Glasser; 5)[1] interception and disclosure of wire, oral, or electronic communications prohibited under 18 U.S.C. § 2511 and California Penal Code section 630 *et seq*.

---

[1] Plaintiff's fifth claim is mislabeled as a second "Count IV." This Order will refer to it as his fifth claim and will refer to the subsequent claims in the appropriate numerical order.

3

1 against all defendants; 6) violation of California Penal Code section 502, the Comprehensive
2 Computer Data Access and Fraud Act, against Defendant Glasser, Defendant Johnson and Does 1-3;
3 and 7) intentional infliction of emotional distress. Plaintiff does not specify against which defendant
4 or defendants he brings his claim for intentional infliction of emotional distress.

On July 18, 2011, Defendants filed the present motion to dismiss [Docket No. 5.]. Plaintiff did not timely file an opposition to the motion, and on August 4, 2011, the court issued an Order to Show Cause for Plaintiff's failure to file a timely opposition. The court subsequently discharged the Order to Show cause and granted Plaintiff leave to file an opposition to Defendants' motion. On August 17, 2011, Plaintiff filed his opposition to the motion [Docket No. 21]. On August 19, 2011, without seeking leave of court to do so, Plaintiff filed an amended opposition to the motion [Docket No. 23-1], as well as a motion to amend his complaint [Docket No. 23].

## II. DISCUSSION

### A. Legal Standard

#### 1. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id*. (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the

4

claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### 2. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction may be made on the grounds that the lack of jurisdiction appears from the "face of the complaint," or may be based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### 3. Granting Leave to Amend

If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

### B. Analysis

#### 1. Plaintiff's First and Second Claims

Plaintiff's first claim is for mail fraud against all six named defendants, and his second claim is for wire fraud against Defendants Consunji and Glasser. The party seeking relief in a federal court action "bears the burden of showing that he has standing for each type of relief sought."

*Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (2009). In addition to constitutional standing under Article III, a plaintiff must also demonstrate "the non-constitutional standing requirements of the statute under which he or she seeks to bring suit," i.e., that "plaintiff has been granted a right to sue by the statute under which he or she brings suit." *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1199 (9th Cir. 2004).

With respect to Plaintiff's claims of mail and wire fraud, courts have consistently found that the mail and wire fraud statutes do not confer a private right of action. *See, e.g., Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1986) ("there is no private right of action for mail fraud under 18 U.S.C. § 1341") (Boochever, J., dissenting); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407-08 (8th Cir. 1999) (finding no private right of action exists under either mail or wire fraud statutes); *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18 U.S.C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases"). As Plaintiff cannot state a claim directly under the mail or wire fraud statutes, his first and second claims for relief must be dismissed with prejudice.

### 2. **Plaintiff's Third and Fourth Claims**

Plaintiff's third and fourth claims are for retaliation and harassment under Title VII. Defendants argue that Plaintiff's Title VII claims fail because Plaintiff has not alleged that he has attempted to seek relief through the administrative process that Title VII requires before a "person aggrieved" may file a civil action in federal court. (Mot. at 15-16.) Accordingly, Defendants argue, Plaintiff's failure to exhaust his administrative remedies deprives this court of subject matter jurisdiction, and therefore dismissal under Rule 12(b)(1) is appropriate.

In both Plaintiff's opposition and amended opposition to the present motion to dismiss, Plaintiff acknowledges his current failure to exhaust administrative remedies with respect to these claims, and states that he "intends to amend the complaint by removing" the claims. (Opp'n at 2; Am. Opp'n at 2-3.) The court dismisses Plaintiff's third and fourth claims for relief without prejudice.

### 3. Plaintiff's Fifth Claim

Plaintiff's fifth claim is for interception and disclosure of wire, oral or electronic communications prohibited under 18 U.S.C. § 2511, the Wiretap Act, and California Penal Code section 630 *et seq*. Section 2511(1) subsections (a) and (c) provide that one who

> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . [or] (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection

shall be subject to criminal liability and civil suit. *See* 18 U.S.C. § 2520 (providing for a private right of action for violation of the Wiretap Act). California Penal Code section 631 provides that

> Any person who . . . intentionally taps, or makes any unauthorized connection, . . . with any telegraph or telephone wire, line, cable, or instrument, . . . or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state

shall be subject to criminal liability and civil suit. *See* Cal. Penal Code § 637.2 (providing for a private right of action for violation).

The allegations supporting this claim for relief are that Defendant Glasser engaged in "monitoring personal phone calls made on Plaintiff's" company phone line and that his calls were "monitored, recorded, and disclosed." (Compl. ¶¶ 5, 7.) Plaintiff further alleges that the remaining defendants "were complicit in these actions by virtue of conspiracy." (Compl. ¶ 43.) Defendants argue that this claim falls "well short of the *Twombly/Iqbal* standard of demonstrating that these allegations 'plausibly suggest an entitlement to relief'" for Plaintiff's claims that his telephone calls were monitored and recorded. (Mot. at 9.)

The court agrees. The issue here is whether Plaintiff's conclusory factual allegations are sufficient to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff makes no allegations that he ever saw Defendant Glasser monitoring or recording his calls, or that he ever saw or heard any of the purported recordings. He also does not claim to have found

7

any listening device or allege how Defendant Glasser conducted his monitoring and recording of his calls. The only support for Plaintiff's deduction that Defendant Glasser monitored, recorded, and disclosed his conversations are his allegations that Ms. McKinney, "became openly hostile and verbally abusive" towards Plaintiff, and that other coworkers "became lukewarm and withdrew from Plaintiff." (Compl. ¶ 7.) There is nothing "plausible" about an inference from these facts that Defendant Glasser monitored and recorded Plaintiff's telephone calls, and disclosed the contents of the communications therein. *See Epstein*, 83 F.3d at 1140 ("conclusory allegations of law and unwarranted inferences" are insufficient to defeat a motion to dismiss). Therefore, dismissal of this claim is appropriate. However, Plaintiff is granted leave to amend his complaint to add facts that "nudge[]" his claim that Defendant Glasser violated the Wiretap Act and/or California Penal Code section 630 *et seq*. "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 4. Plaintiff's Sixth Claim

Plaintiff's sixth claim is for violation of California's Comprehensive Computer Data Access and Fraud Act, California Penal Code section 502, which seeks to protect individuals, businesses, and governmental agencies from "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code § 502(a).

As with Plaintiff's fifth claim for relief, his conclusory factual allegations supporting this claim are insufficient to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff alleges he encountered "tactical cyber-based assaults" on his Cisco computer, and "recurring intrusions and malware attacks," as well as "cyber-vandalism" on his home network. (Compl. ¶¶ 24, 25.) He identifies "resident hacker" Defendant Glasser "as the most likely perpetrator" of the cyber-attacks, and alleges that Defendant Johnson "was complicit with these actions and benefitted from them," but does not make any factual allegations that demonstrate that Mr. Glasser is responsible for this activity. (Compl. ¶¶ 29, 45.) The only allegation Plaintiff makes to link the cyber-attacks to Defendant Glasser is Mr. Glasser's statement to Plaintiff during their final one-on-one meeting, "I look forward to continuing our relationship." (Compl. ¶ 24.) Plaintiff does not allege that he found any evidence on his work or home computer that connects any of the defendants with the actions complained of, and in fact acknowledges that the programs he found on

8

his home computers were "of unknown origin." (Compl. ¶ 25.) Again, there is nothing plausible about an inference from these facts that Defendant Glasser or any other defendant is responsible for the problems Plaintiff has experienced with his computers. Therefore, dismissal of this claim is appropriate. Plaintiff is granted leave to amend his complaint to add facts to support his allegations that Defendant Glasser and/or Defendant Johnson violated California Penal Code section 502 with respect to "cyber-attacks" on Plaintiff's home and work computers.

### 5. Plaintiff's Seventh Claim

Plaintiff's final claim is for intentional infliction of emotional distress against unspecified defendants. To state a claim for intentional infliction of emotional distress, Plaintiff "must allege (1) outrageous conduct, 'so extreme as to exceed all bounds of that usually tolerated in a civilized community,' (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress." *Bonner v. Redwood Mortgage Corp.*, No. 10-0479, 2010 WL 1267069, at *11 (Mar. 29, 2010), quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (citation omitted).

Here, as a threshold matter, along with failing to specify those defendant(s) responsible for Plaintiff's emotional distress, Plaintiff's complaint is devoid of any specific factual allegations regarding "severe or extreme emotional distress" he has suffered as a result of conduct by any of the defendants. Plaintiff merely alleges that "the meditated use of cyber-attacks [to harass and vex Plaintiff] is grievous," and that "such malicious, fraudulent and oppressive tactics against an employee is outrageous." (Compl. ¶ 47.) Therefore, this claim is dismissed. Plaintiff is granted leave to amend his complaint to allege specific facts supporting each element of a claim for intentional infliction of emotional distress.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to Plaintiff's first and second claims, GRANTED WITHOUT PREJUDICE as to Plaintiff's third and fourth claims, and GRANTED WITH LEAVE TO AMEND as to the fifth, sixth, and seventh

9

claims. Plaintiff's motion to amend his complaint is DENIED as moot. Plaintiff may file an amended complaint by no later than October 18, 2011.

IT IS SO ORDERED.

Dated: September 27, 2011



_____
DONNA M. RYU
United States Magistrate Judge