UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E COBB, | No. C-11-02496 DMR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION** |
| v. | |
| CRISTINA CONSUNJI, et al., | |
| Defendants. | |

On December 28, 2011, the court issued an Order dismissing Plaintiff Jason Cobb's lawsuit. [Docket No. 52.] Plaintiff subsequently requested leave to file a motion for reconsideration with respect to the court's Order.[1] [Docket No. 53.] In his motion, Plaintiff sought permission to file his "Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge" pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72-3(a). However, the rules identified by Plaintiff address referrals to magistrate judges from district court judges. Here, the matter was originally assigned to this court. Defendants filed their consent to the jurisdiction of a magistrate judge on July 18, 2011 [Docket No. 6], and Plaintiff filed his consent on July 21, 2011 [Docket No. 12]. Accordingly, the rules cited by Plaintiff are inapplicable as the

---

[1] On January 23, 2012, Plaintiff filed a "Notice of Appeal Pursuant to FRAP 3(A) and 4(A)," in which he appears to withdraw his request for leave to file a motion for reconsideration. [Docket No. 57.]

undersigned is the presiding judge pursuant to the consent of all parties pursuant to 28 U.S.C. § 636(c), and no matter has been referred from a district court judge.

Civil Local Rule 7-9 governs motions for reconsideration "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Once judgment has been entered, as in the present case [Docket No. 58], reconsideration may be sought by filing a motion under Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pacific Enter.*, 5 F.3d 391, 395 (9th Cir. 1993). Accordingly, the court shall construe Plaintiff's motion as a Rule 60(b) motion for relief from judgment.

Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court finds that Plaintiff's motion must be denied because Plaintiff has failed to satisfy any of the Rule 60(b) factors. He has not established that relief is warranted because of mistake, inadvertence, surprise, or excusable neglect. He does not show any fraud or misrepresentation by Defendants; does not assert that the judgment is void; does not argue that the judgment should have no prospective application; and does not raise any other reason justifying relief from the operation of the judgment.

Plaintiff's primary argument in support of his motion appears to be his belief that the court's December 28, 2011 Order is not "authentic," as it is "contrary to the tone, reasoning, cited case law, writing style and overall spirit" of the court's September 27, 2011 Order [Docket No. 32] in which the court granted in part and denied in part Defendants' motion to dismiss Plaintiff's complaint and granted Plaintiff leave to amend. (Pl.'s Mot. 1.) Plaintiff suggests that the court "may not have actually been extended the opportunity to review Plaintiff's response" to Defendants' motion to dismiss Plaintiff's first amended complaint. (Pl.'s Mot. 2.)

The court notes that it carefully reviewed and considered all motion papers and supporting documents filed in this case. Further, Plaintiff's argument that the December 28, 2011 Order is contrary to the reasoning of the September 27, 2011 Order, in which the court granted Plaintiff leave to amend, is without merit. While, as noted in the September 27, 2011 Order, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted), valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may also consider whether pleadings have previously been amended. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff has already been given two opportunities to amend his complaint. First, in ruling on Defendants' first motion to dismiss, the court granted Plaintiff leave to amend his complaint. Plaintiff filed his amended complaint on October 18, 2011, and an errata thereto on October 25, 2011. [Docket Nos. 39, 40.] In connection with his opposition to Defendants' motion to dismiss his first amended complaint, Plaintiff submitted a proposed second amended complaint, which purportedly cured the deficiencies in the first amended complaint. [Docket No. 47.] Upon reviewing the proposed second amended complaint, the court concluded that further leave to amend would be futile, and accordingly dismissed the first amended complaint without leave to amend.

Plaintiff's remaining arguments in support of his motion for relief from judgment are more properly raised in an appeal of the court's order and judgment. Therefore, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: January 23, 2012

DONNA M. RYU
United States Magistrate Judge